UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § § | |
| v. § | No. DR:21-CR-01656(2)-AM |
| § § § | |
| MIGUEL EMMANUEL REYES (2) § | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION FOR REDUCTION OF SENTENCE PURSUANT TO AMENDMENT 821**

The United States of America, by and through the United States Attorney for the Western District of Texas and the undersigned Assistant United States Attorney, files this Response and Objection to Defendant's Motion to Reduce Sentence (ECF No. 102). The government concedes that under the new U.S.S.G. § 4A1.1(e) Defendant would only receive 1 additional criminal history point for committing his crime in this case while he was under a criminal justice sentence rather than the two, he was assessed. However as will be shown, Defendant is not entitled to a reduction in his sentence because *inter alia* his Total Offense Level, was correctly calculated in the Presentence Investigation Report (hereinafter referred to as the "PSR") as Offense Level 43. *Id*. paragraph 37. When a defendant's Total Offense Level is 43 the advisory guideline sentence is life regardless of the defendant's Criminal History Category.

**PROCEDURAL HISTORY**

Defendant was an organizer, leader, manager, or supervisor in a criminal activity that imported a total of 7.86 kilograms (net weight) of methamphetamine hydrochloride (with a purity level of 98%+/-6%) into the United States from Mexico on August 1, 2020. (PSR at

paragraphs 11, 12, 13, and 32.) On October 20, 2021 Defendant was charged in a four-count Indictment with Conspiracy to Import Methamphetamine, in violation of 21 U.S.C. §§ 952(a) and 960(a)(1) & (b)(1) and 963 (Count one), Importation of Methamphetamine, in violation of 21 U.S.C. §§ 952(a) and 960(a)(1), & (b)(1) (Count two), Conspiracy to Possess With Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A) and 846 (Count three). Count Four charged defendant with Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922 (g)(1). Counts One, Two, and Three occurred on or about August 1, 2020. Count Four occurred between July 21, 2020, and July 30, 2020.[1] On April 25, 2022, Defendant pleaded guilty to Counts One and Four of the Indictment, with a written Plea Agreement. (PSR paragraphs 1, 2, 14, 15, 17.)

## GUIDELINE CALCULATIONS

As stated above, the PSR prepared in this case calculated Defendant's Total Offense Level to be Level 43. (PSR paragraphs 34 and 37.) Defendant's criminal history score was determined to be 8 based on Defendant's felony conviction for forgery in 2006 described in PSR paragraph 42 (3 pts.); his felony conviction for aggravated robbery in 2007 described in PSR paragraph 45 (3 pts.); and his misdemeanor conviction for failure to identify in 2021 as described in PSR paragraph 46 (2 pts.). Defendant did not object to the findings or conclusions in the PSR.

Because Defendant committed the offense in this case while he was under a criminal justice sentence for the 2007 aggravated robbery offense described in PSR paragraph 45, two points are added to Defendant's total criminal history score, under the provision of existing

---

[1] Defendant supplied the handgun that a co-defendant attempted to pull on the arresting agents on or about August 1, 2020.

USSG §4A1.1(d), resulting in a criminal history score of 10 which established a criminal history category of V. (PSR paragraphs 47-49.)

Based upon a total offense level of 43 and a criminal history category of V, the PSR correctly determined that Defendant's guideline term of imprisonment for Count 1 was life. Because the statutory maximum term of imprisonment for Count 2 was 10 years, the Defendant's guideline term of imprisonment for Count 2 was correctly determined to be 120 months. (PSR paragraphs 76-77.)

This Court then sentenced Defendant to a below-the-guideline sentence of Two Hundred Sixty-Two (262) months on Count 1, and to the statutory maximum sentence of One Hundred Twenty (120) months on Count 4 to run concurrently with eachother, with credit for time served since October 27, 2021 (Judgement ECF No. 97 page 2.) Defendant is currently serving his sentence at Three Rivers FCI. Defendant is not scheduled for release until July 2040. See Fed. Bureau of Prisons, Find an inmate, https://www.bop.gov/inmateloc/ (last visited 05/15/2024) Click on "Find By Number" and enter "71625-509".

If the now amended guideline of U.S.S.G. § 4A1.1(e) had been in effect at the time of Defendant's sentencing hearing on July 7, 2023, Defendant would have received only one additional criminal history point for a total criminal history score of 9 - which would have established a criminal history category of IV. But that reduction would not have resulted in a different sentence.  Defendant's Total Offense Level would have remained at Level 43. At Total Offense Level 43 a defendant's criminal history category is irrelevant because the Level 43 advisory guideline term of imprisonment is life for each if the six criminal history categories.

## LEGAL AUTHORITY and ARGUMENT

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, including Part A, of Amendment 821, and articulated the proper procedure for implementing those amendments.

In *Dillon v. United States*, 560 U.S. 817 (2010), the Supreme Court addressed the process for application of a retroactive guideline amendment, emphasizing that Section 1B1.10 is binding. The Court declared: "Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission." *Id*. at 821. The Court required district courts to follow a two-step approach:

> At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in §1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, §1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Ibid*.
>
> Consistent with the limited nature of § 3582(c)(2) proceedings, §1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce

4

the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution. §1B1.10(b)(2)(A). . . .

At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

*Dillon*, 560 U.S. at 827.

## STEP ONE ANALYSIS

As noted above, the Government concedes that under U.S.S.G. § 4A1.1(e) Defendant would receive only 1 additional criminal history point for committing his crime while under a criminal justice sentence rather than the two he was assessed. However, the reduction of Defendant's Criminal History Category from V to IV does not result in any change in the step one analysis. The advisory guideline sentence for a defendant with a Total Offense Level of 43 and a Criminal History Category of IV is life. Because the "guideline range that would have been applicable to the defendant" had the U.S.S.G. § 4A1.1(e) been in effect at the time of the initial sentencing would remain unchanged at life for Count 1 and 120 months for Count 4, under the step one analysis Defendant is not eligible for a sentence modification and his motion should be denied.

## STEP TWO ANALYSIS

Because Defendant is not eligible for a sentence modification under the step one analysis it is not necessary to make a step two analysis. The Government will do so anyway to provide the Court with additional reasons why Defendant's motion should be denied.

5

Under the step two analysis, Section 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted." *Id*. app. note 1(B)(i); see also U.S.S.G. §1B1.10 background ("The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right.").

Subject to the limits set forth in Section 1B1.10(b), the Court may consider all pertinent information in applying the Section 3553(a) factors and determining whether and by how much to reduce the defendant's sentence. "[t]he grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary," even when the guideline range is actually reduced. *United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998). A district court has "substantial discretion" in deciding whether to reduce a sentence; even "[a]n agreement between the government and the defendant that a sentence reduction is appropriate does not bind the judge; nor is the judge's consideration of the question limited to the factors the parties regard as relevant." *United States v. Young*, 555 F.3d 611, 614 (7th Cir. 2009).

In this case, as explained above, the Court granted a downward variance when it imposed a sentence of less-than-life. The sentence of Two Hundred Sixty-Two (262) months imposed on Count 1 is still well below the advisory range of life for a defendant with a Total Offense Level of 43 and a Criminal History Category of IV.  The Government submits in granting Defendant the downward variance just described, all pertinent Section 3553(a) factors were already considered by this Court in arriving at the determination that the just and appropriate sentence for Defendant should be Two Hundred Sixty-Two (262) months on Count 1 instead of life. The

Government further submits that the reasons and justification for imposing a Two Hundred Sixty-Two (262) months sentence on Count 1 and a One Hundred Twenty (120) months sentence on Count 4 to run concurrently with eachother remain unchanged.

## V. CONCLUSION

For the reasons stated herein. Defendant's motion should be denied in all respects.

                              Respectfully submitted,

                              JAIME ESPARZA
                              UNITED STATES ATTORNEY

By     /s/ *Rex G. Beasley*
       REX G. BEASLEY
       Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 15th day of May 2024 a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System, and that a copy will be sent by US Postal Service to:

Miguel Emmanuel Reyes
71625-509
FCI Three Rivers
P.O. Box 4200
Three Rivers, TX 78071

                             /s/ *Rex G. Beasley*
                             REX G. BEASLEY
                             Assistant United States Attorney